Albert Hurwitz v. Commissioner.
Hurwitz v. Commissioner
Docket No. 2469-63.
United States Tax Court
T.C. Memo 1964-326; 1964 Tax Ct. Memo LEXIS 12; 23 T.C.M. (CCH) 2011; T.C.M. (RIA) 64326; December 18, 1964
*12 Held, where petitioner, in a settlement agreement executed December 2, 1959, with his employer, received from his employer, among other things, an agreement that his employer would pay him $6,500 within 90 days from the date of the signing of the agreement, and where, on the same day, December 2, 1959, petitioner in a separation agreement with his wife, for a full and adequate consideration received from her, assigned to his wife the aforesaid $6,500 agreement, the income which petitioner received from the $6,500 agreement was received in 1959 and not in 1960 as the Commissioner has determined. Martin J. Resnick, for the petitioner. S. T. Reiner, for the respondent. BLACK Memorandum Findings of Fact and Opinion The Commissioner has determined a deficiency in petitioner's income tax for the year 1960 of $2,197. The deficiency is due to the addition to income reported on petitioner's return for the year 1960 of "(a) Settlement of claim $6,500.00." The adjustment is explained in the deficiency notice as follows: (a) It has been determined that the sum of $6,500.00, which was part of a settlement with Kay Wheel Sales Co., your former employer, for services *13 rendered by you to the corporation and assigned by you to your former wife Jacqueline - represented taxable income to you in the year 1960. The petitioner by appropriate assignments of error contests this determination of the Commissioner. Findings of Fact Some of the facts were stipulated. The stipulation of facts, together with exhibits attached thereto, is incorporated herein by this reference. There was some oral testimony. Petitioner Albert Hurwitz resides in Philadelphia, Pa. He filed his Federal income tax return for the taxable year 1960 with the district director of internal revenue at Philadelphia. Petitioner files his income tax returns on a calendar year basis and computes income upon the cash receipts and disbursements method of accounting. Petitioner was until July 7, 1959, an employee, officer, director, and minority stockholder of Kay Wheel Sales Co., hereinafter sometimes referred to as Kay, a corporation with its principal place of business located in Philadelphia. On or about July 7, 1959, petitioner was advised at a board of directors meeting of Kay that he had been relieved of all of his responsibilities within the corporation and that he had been fired. *14 At the time the relationship between petitioner and Kay was severed, petitioner had a claim against Kay on account of services rendered to the corporation over a period of 10 years. Petitioner retained counsel to pursue the claim and negotiations were started with an intent to settle the claim. Petitioner entered into a settlement of the claim against Kay and upon advice of counsel executed a document entitled "Agreement of Settlement." The agreement of settlement was signed by the parties on December 2, 1959. The basis for the claim by petitioner against Kay was a judgment note executed by Kay payable to petitioner in the sum of $60,000, which note petitioner received as payment for services rendered to the corporation over a period of 10 years. Under the terms of the agreement of settlement petitioner was to receive the following: 1. (a) The corporation shall pay Hurwitz $6,000.00 for his stock in the corporation (which he will endorse and deliver forthwith to the corporation), and $12,000.00 on the claim represented by the $60,000.00 note. Of the total settlement of $18,000.00, $11,500.00 will be paid when this agreement is signed and the remaining $6,500.00 will be paid *15 90 days from the date of this agreement. Petitioner did actually receive the $11,500 as set forth in the agreement of settlement and that amount is not in controversy in this proceeding. The agreement of settlement also provided that - (b) * * * Counsel for the corporation shall have the right to file the order discontinuing the action against "Kay Wheel" as soon as the corporation makes the final $6,500.00 payment provided for in paragraph 1(a); * * * Counsel for the corporation, after he found out that the $6,500 had been paid, filed the order to settle and discontinue the legal action. Coincident with the dispute with Kay, petitioner was involved in a marital dispute with his wife which ultimately resulted in his wife's instituting a divorce action. In December 1959, petitioner and his wife entered into a separation agreement in order that they might "amicably settle their property rights." Under the terms of the separation agreement between petitioner and his wife, petitioner was to receive the following: 2. (a) Wife agrees to execute, acknowledge and deliver to Husband or his nominee forthwith an appropriate deed to her interest in the parties' home at 222 Welsh Terrace, *16 Merion, Pennsylvania. Wife also authorizes Husband to execute and acknowledge on her behalf any appropriate deed by which he or his nominee may subsequently convey the premises to any other person, and for such purpose this agreement is a power of attorney for him to do so. (b) Wife hereby transfers to Husband all her right, title and interest in and to the following items of personal property and agrees to deliver to him all of these items of which she is in possession or control: the Cadillac and Chevrolet automobiles titled in Husband's name and formerly used by the parties; the washer and dryer in the parties' home; one grey three-suiter piece of luggage; one man's beige over-night bag; one blue television console; one bridge set with chairs; the refrigerator in the kitchen of the parties' home; the green rug in the guest room and the blue rug in the daughter's room of the parties' home; the pine breakfront from the dressing room in the parties' home; the set of sterling silverware, the china and glassware, and the kitchen utensils presently in the parties' home; the sofa, lounge chair, table and lamp presently in the den in the parties' home; the twin beds with mattresses for *17 the master bedroom in the parties' home; one-half dozen sheets; one-half dozen pillow cases; one-half dozen towels; three blankets; two pistols; one pair of grey trousers, and all other items of personal male apparel or male jewelry. In exchange for which petitioner undertook the following: 3. (a) Husband hereby assigns to Wife the final $6,500.00 which he is to receive under the terms of the Agreement of Settlement which he has this day concluded with his former employer, Kay Wheel Sales Co. (b) Husband agrees to pay the debt owed by him and Wife to Crusader Saving and Loan Association, 5000 Baltimore Avenue, Philadelphia, Pennsylvania, which debt is now secured by a mortgage on the parties' home at 222 Welsh Terrace, Merion, Pennsylvania. Husband also agrees to defend Wife at his expense and indemnify and save her harmless from any loss which she may sustain by reason of any claim which may be asserted on this obligation to Crusader Saving and Loan Association or by reason of any taxes or water rents which have been or may hereafter be assessed against the parties' home. To further protect Wife in this connection, Husband agrees that, if he or his nominee elects to sell the *18 parties' home, the loan secured by the mortgage to Crusader Saving and Loan Association will be paid in full from the proceeds of that sale. Husband also agrees to pay, and indemnify Wife against, any debt incurred by her with any Philadelphia physician, dentist, or department store prior to July 7, 1959, for medical or dental treatment of herself and the parties' daughter and for ordinary items of family expense. (c) Husband hereby transfers to Wife all his right, title and interest in and to all of Wife's personal apparel and female jewelry and all other items of luggage, household furnishings and personal property now or formerly used by either of the parties and not previously provided for herein. Husband also agrees to deliver to Wife all of these items presently in his possession or control. (d) Husband also agrees to settle, discontinue and end forthwith at his own cost and expense the action in replevin which he has instituted against Bell Storage Company in Camden, New Jersey, to establish his rights to certain of the parties' household furnishings. Payments were subsequently made pursuant to the assignment set forth in 3(a) of the separation agreement quoted above. *19 Payments made to Jacqueline (the wife) on the assignment of the $6,500 were as follows: Year
Amount
1959
$ 225
1960
4,275
1961
1,975
$6,475 * These payments were made by Harry Lipsitz, the father of Jacqueline, on behalf of Kay and were credited to his account by Kay after they were made. Opinion BLACK, Judge: Petitioner contends in the first place that he was not entitled to receive the $6,500 which was included in the December 2, 1959, agreement of settlement that he had with Kay Wheel Sales Co., and that it was never intended that he should receive the $6,500 and therefore it is not taxable to him. We think that this contention that he was never to receive the $6,500 is without merit. It is in direct conflict with the written agreement of settlement which is attached to the stipulation of facts as Exhibit 2-B. Paragraph 1 of said agreement reads in part as follows: 1. (a) The corporation shall pay Hurwitz $6,000.00 for his stock in the corporation (which he will endorse and deliver forthwith to the corporation), and $12,000.00 on the claim represented by the $60,000.00 note. Of the total settlement *20 of $18,000.00, $11,500.00 will be paid when this agreement is signed and the remaining $6,500.00 will be paid 90 days from the date of this agreement. Thus, it seems clear that immediately upon the signing of the agreement petitioner became the owner of a contractual agreement whereby Kay was to pay him $6,500 within 90 days of the signing of the agreement. In his determination of the deficiency the Commissioner stated as follows: It has been determined that the sum of $6,500.00, which was part of a settlement with Kay Wheel Sales Co., your former employer, for services rendered by you to the corporation and assigned by you to your former wife Jacqueline - represented taxable income to you in the year 1960. We agree with respondent that under the facts found by us the $6,500 did represent income to petitioner but we do not agree that it represented income to him in 1960. We think that the facts show that it was taxable income to him in 1959. This holding on our part accords with what might be termed petitioner's alternative contention. Petitioner, after first contending that the $6,500 was not taxable income to him at all, then contends that - Even if the $6500 were taxable *21 to the Petitioner, the Commissioner was in error in including it in the Petitioner's taxable year 1960. If, admitting for purposes of argument, the Petitioner was entitled to the $6500 and as part of the same package he assigned this $6500 in payment of an obligation owed to his wife, pursuant to the terms of the Separation Agreement dated December 2, 1959, then the $6500 would have been taxable to the Petitioner in 1959 and not in 1960. Therefore, we think the $6,500 would be taxable to petitioner in 1959 and not in 1960, as respondent has determined. The facts show that in the separation agreement which was signed December 2, 1959, petitioner, in consideration of other property which the wife assigned to him, made a complete and valid assignment to her of all his rights and interest in the $6,500 which Kay was to pay him under the agreement of settlement. We think that by petitioner's assignment on December 2, 1959, to his wife of his contract to receive the $6,500 from Kay he completely divested himself of any interest in the contract and vested it on that date in his wife. Whatever income resulted to him from the assignment to his wife was taxable in 1959. Respondent makes *22 no contention that petitioner's assignment to his wife on December 2, 1959, of his contractual right to receive the $6,500 was not adequate and complete. We think it was adequate and complete and if the result of the transfer is taxable to him, as we think it is, it would be taxable in 1959 and not in 1960. It was in that year that he disposed of all of his right, title and interest in the contract to receive $6,500 from Kay, and thereby realized the income therefrom at that time. In , the Supreme Court said: Underlying the reasoning * * * is the thought that income is "realized" by the assignor because he, who owns or controls the source of the income, also controls the disposition of that which he could have received himself and diverts the payment from himself to others as the means of procuring the satisfaction of his wants. The taxpayer has equally enjoyed the fruits of his labor or investment and obtained the satisfaction of his desires whether he collects and uses the income to procure those satisfactions, or whether he disposes of his right to collect it as the means of procuring them. Cf. Burnet v. Wells, supra. We *23 sustain petitioner in his alternative contention. Decision will be entered for the petitioner. Footnotes
*. The discrepancy of $25 is not explained.↩